**IN THE COURT OF COMMON PLEAS,**
**HAMILTON COUNTY, OHIO**
**CIVIL DIVISION**

| | | |
|---|---|---|
| **CHARLES A. BLAIR** | : | |
| **2816 PAINTED DESERT RUN** | : | |
| **FORT WAYNE, IN 46808** | : | Case No.: |
| | : | |
| Plaintiff, | : | Judge: |
| | : | |
| v. | : | |
| | : | |
| **PAPPAS RESTAURANTS, INC.,** | : | |
| **d/b/a PAPPADEAUX SEAFOOD** | : | **COMPLAINT** |
| **KITCHEN** | : | |
| **13939 NORTHWEST FREEWAY** | : | |
| **HOUSTON, TEXAS 77040** | : | |
| **SERVE:** | : | |
| **CT CORPORATION** | : | |
| **4400 EASTON COMMONS #125** | : | |
| **COLUMBUS, OHIO 43219** | : | |
| | : | |
| **and** | : | |
| | : | |
| **JANE & JOHN DOE(S) 1-99,** | : | |
| **ANY XYZ CORPORATIONS** | : | |
| **OR OTHER ENTITIES THAT** | : | |
| **CONTRIBUTED TO PLAINTIFF'S** | : | |
| **HARM** | : | |
| Names and addresses unknown | : | |
| | : | |
| Defendants. | : | |
| | : | |

NOW COMES Plaintiff, Charles Blair, by and through undersigned counsel, for his

1

Complaint against the above-named Defendants, states as follows:

## PARTIES

1.  Plaintiff, Charles Blair ("Plaintiff" and/or "Plaintiff Blair"), is a resident of 2816 Painted Desert Run, City of Fort Wayne, County of Allen and State of Indiana

2.  Defendant Pappas Restaurants, Inc is a for profit corporation duly organized under the laws of Texas with its headquarters/principal place of business located at 13939 Northwest Freeway, Houston, TX 77040 and authorized to do business in Ohio. Defendant, Pappas Restaurants, Inc does business under the trade name Pappadeuax Seafood Kitchen and operates restaurants including the Pappadeaux Seafood Kitchen located at 11975 Northwest Boulevard, Springdale, Ohio 45246. Upon information and belief, Defendant Pappas Restaurants, Inc is a hospitality company owning 90 plus restaurants, including certain Pappadeaux Seafood Kitchen branded restaurants.

3.  Upon information and belief, Defendant John Doe 1 is a server, waiter, and/or busboy at Pappadeaux Seafood Kitchen. Part of Defendant John Doe 1's job duties at Pappadeaux Seafood Kitchen included but is not limited to clearing and transporting dishes from tables after customers have left the restaurant. At all times set forth in this Complaint, Defendant John Doe 1 is, and was, an agent, servant, employee and/or contractor of each Corporate Defendants. Despite the exercise of reasonable diligence, the identity of Defendant John Doe 1 could not be discovered before the filing of this Complaint.

4.  Jane & John Doe(s) 2-99, any XYZ Corporations or other entities are individuals, corporations, limited liability companies, and other business entities that own or operate the Pappadeaux Seafood Kitchen located at 11975 Northwest Boulevard, Springdale, Ohio 45246

2

and/or who personally participate in the operation, maintenance, training, supervision, cleaning, and/or other procedures of the restaurant. Jane & John Doe(s), any XYZ Corporations include but are not necessarily limited to employees, owners, corporations, independent contractors, contractors, or other people or entities involved in the operation, maintenance, training, supervision, cleaning, and/or other procedures of the restaurant. Despite the exercise of reasonable diligence, the identities of these Defendants could not be discovered before the filing of this Complaint.

5. Defendants Pappas Restaurants, Inc. as well as any XYZ Corporations or other unknown entities that caused or contributed to Plaintiff's harm shall be jointly referred to herein as the "Corporate Defendants."

6. Upon information and belief, the Corporate Defendants are each affiliated with one another either as a parent, subsidiary or other affiliation with each other.

7. The Corporate Defendants are therefore jointly liable with each other and with Defendant John Doe for the acts and omissions leading to Plaintiff's injuries, as set forth in this Complaint.

## JURISDICTION AND VENUE

8. Jurisdiction is proper in the State of Ohio and venue is proper in the Common Pleas Court of Hamilton County, Ohio, under Ohio Civil Rules 3(B)(3) and 3(B)(6), as Defendants conducted activity within Hamilton County that gave rise to Plaintiff claims for relief, and Plaintiff's claims arose in whole or in part in Hamilton County, Ohio.

## FACTS COMMON TO ALL COUNTS

9. On March 24, 2018 Plaintiff Blair was attending a birthday celebration meal for a friend in Springdale Ohio.

3

10. On March 24, 2018, Plaintiff Blair went to Pappadeaux Seafood Kitchen at 11975 Northwest Blvd., Springdale, OH 45246 for the celebration meal.

11. Plaintiff Blair was a patron and business invitee at the restaurant as he was eating there as a paid guest.

12. On March 24, 2018 while seated at a dining table, Plaintiff Blair was struck in the head and back by plates falling from Defendant John Doe 1's waiter tray.

13. Defendant John Doe 1 was working in his course of employment at Pappadeaux Seafood Kitchen

14. Plaintiff Blair was transported by City of Springfield Division of Fire EMS from the scene of the accident to Mercy Health Hospital Emergency Room in Fairfield, Ohio.

15. As a result of the accident, Plaintiff Blair suffered significant bodily injury, including, but not limited to, injuries to his neck as well as his middle and lower back. Plaintiff Blair's injuries are continuing and/or permanent. Plaintiff Blair's ability to enjoy life and carry on ordinary activities have been adversely affected.

## FIRST CLAIM FOR RELIEF
### Negligence

16. Plaintiff restates and incorporates by reference all allegations in the foregoing paragraphs as if fully written herein.

17. At all times relevant hereto, Plaintiff Charles Blair acted reasonably with due care and caution as a patron in the restaurant operated by Defendant Pappadeaux Restaurants, Inc.

18. On or about March 24, 2018, Defendant John Doe 1 was under a duty to exercise reasonable care when moving heavy plates around patrons.

19. At all times material hereto Defendant John Doe 1 breached that duty when Defendants

4

failed to act in a safe and reasonable manner

20. As a direct and proximate result of Defendant John Doe 1's negligence and failure to act in a reasonable manner, Plaintiff Blair suffered significant bodily injury.

21. As a further direct and proximate result of Defendant John Doe 1's negligence, Plaintiff Blair incurred medical bills and other medical expenses, was subjected to out of pocket expenses he otherwise would not have. Plaintiff Blair reasonably expects to incur further medical and other out of pocket expenses in the future.

22. As a further direct and proximate result of the negligent conduct of Defendant John Doe 1, Plaintiff Blair has experienced severe and permanent injuries to his body, severe suffering including loss of enjoyment of life, extreme physical and emotional pain and suffering and will be expected to endure future extreme physical and emotional pain and suffering, to incur future medical expenses, and to experience a diminished quality of life.

**WHEREFORE**, Plaintiff prays for judgment in his favor and against Defendants, jointly and severally, both in excess of Twenty-Five Thousand Dollars ($25,000) for compensatory damages, plus all court costs, prejudgment and post judgment interest, attorney's fees, and such other and further relief as this Honorable Court deems to be just and proper.

### SECOND CLAIM FOR RELIEF
**Vicarious Liability**

23. Plaintiff incorporates each and every allegation contained in the First Claim for Relief as though fully rewritten herein.

24. Upon information and belief, as discussed above,  Defendant John Doe 1 was an agent, employee, servant and/or contractor or otherwise compensated by the Corporate Defendants (either directly or indirectly through the affiliation of the Defendant) for the services he provided that led to Plaintiff's injuries.

5

25. The above-described acts of Defendant John Doe 1 were committed while he was acting as an agent, servant, and/or employee of the Corporate Defendants.

26. The above-described acts of Defendant John Doe 1 were committed within the scope of his agency and while furthering the business interests of the Corporate Defendants.

27. As the principal for Defendant John Doe 1, the Corporate Defendants are responsible for all of the acts committed by Defendant John Doe 1 within the scope of his agency.

**WHEREFORE**, Plaintiff prays for judgment in his favor and against Defendants, jointly and severally, both in excess of Twenty-Five Thousand Dollars ($25,000) for compensatory damages, plus all court costs, prejudgment and post judgment interest, attorney's fees, and such other and further relief as this Honorable Court deems to be just and proper.

## THIRD CLAIM FOR RELIEF
### Negligent Hiring and Supervision

28. Plaintiff incorporates each and every allegation contained in the First and Second Claim for Relief as though fully rewritten herein.

29. The Corporate Defendants knew or, in the exercise of reasonable care, should have known it was hiring and retaining employees which were dangerous, unfit, or unqualified for the position and therefore it was foreseeable that some sort of injury could happen as a result.

30. The Corporate Defendants failed to reasonably control or monitor the actions taken by their employees, including Defendant John Doe 1.

31. The Corporate Defendants breached its duty to act reasonably in the hiring and supervision of their employees, including Defendant John Doe 1.

E-FILED 03/16/2020 09:49 AM / CONFIRMATION 930484 / A 2001265 / COMMON PLEAS DIVISION / IFO

32. As a direct and proximate cause of the negligence of the Corporate Defendants, Plaintiff was injured as alleged.

**WHEREFORE**, Plaintiff prays for judgment in his favor and against Defendants, jointly and severally, both in excess of Twenty-Five Thousand Dollars ($25,000) for compensatory damages, plus all court costs, prejudgment and post judgment interest, attorney's fees, and such other and further relief as this Honorable Court deems to be just and proper.

## FOURTH CLAIM FOR RELIEF
### Negligent Training

33. Plaintiff incorporate each and every allegation contained in the First, Second, and Third Claims for Relief as though fully rewritten herein.

34. The Corporate Defendants had a duty to act reasonably in providing sufficient training for its employees to perform his or her jobs safely.

35. The Corporate Defendants breached this duty because it failed to provide sufficient training to Defendant John Doe 1 and other restaurant employees who operate transported platters.

36. As a direct and proximate cause of the negligence of the Corporate Defendants, Plaintiff was injured as alleged.

**WHEREFORE**, Plaintiff prays for judgment in his favor and against Defendants, jointly and severally, both in excess of Twenty-Five Thousand Dollars ($25,000) for compensatory damages, plus all court costs, prejudgment and post judgment interest, attorney's fees, and such other and further relief as this Honorable Court deems to be just and proper.

7

## FIFTH CLAIM FOR RELIEF
## JOHN DOE AND XYZ ENTITY DEFENDANTS

37. Plaintiff incorporates each and every allegation contained in the First, Second, Third, and Fourth Claim for Relief as if fully set forth herein.

38. On or about March 24, 2018, Plaintiff, Charles Blair was severely injured while lawfully sitting as a business invitee.

39. Defendants Jane and John Does 1-99 individuals, businesses, corporations or other entities and/or XYZ Corporations (collectively, the "Unknown Defendants") whose identity and addresses could not be ascertained with due diligence, committed negligence and/or other wrongful acts and omissions that was/were the direct and proximate cause of damages sustained by Plaintiff as more fully set forth in this Complaint.

40. In addition, or in the alternative to, the preceding paragraph, the Unknown Defendants are individuals and/or entities with the right to direct, instruct, and control Defendant John Doe 1's work and personally committed, permitted, condoned or participated in the acts and/or omissions describe herein that directly and proximately caused the damages sustained by Plaintiff as more fully set forth in this Complaint.

41. In addition, or in the alternative to, the preceding two paragraphs, the Unknown Defendants are individuals and/or entities that own, are affiliated with, parent to, subsidiary to, or otherwise associated with another named Defendant in this case.

**WHEREFORE**, Plaintiff prays for judgment in his favor and against Defendants, jointly and severally, both in excess of Twenty-Five Thousand Dollars ($25,000) for compensatory damages, plus all court costs, prejudgment and post judgment interest, attorney's fees, and such other and further relief as this Honorable Court deems to be just and proper.

E-FILED 03/16/2020 09:49 AM  /  CONFIRMATION 930484  /  A 2001265  /  COMMON PLEAS DIVISION  /  IFO

Respectfully submitted,


/s/ J. Michael Vervoort
J. Michael Vervoort (0097832)
Jacob A. Gebelle (0093528)
WRIGHT & SCHULTE, LLC
865 S. Dixie Dr.
Vandalia, Ohio 45377
P: (937) 435-7500
F: (937) 435-7511
mvervoort@yourlegalhelp.com
jgebelle@yourlegalhelp.com
*Counsel for Plaintiff*

9